## MOODY v. EARLY–FOSTER CO. et al. (No. 6846.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1923. Rehearing Denied Jan. 24, 1923.)

**1. Appeal and error ⟪⟫767(1)—Briefs stricken for delay.**

Motion to strike out appellant's briefs would be sustained, where record was filed July 15, but appellant did not file briefs until December 4 following, and no copy of these briefs was filed in the court below, nor had a copy been furnished appellee's counsel up to the time the motion was filed December 5, and the cause was submitted December 13.

**2. Appeal and error ⟪⟫773(4)—Where briefs stricken, only fundamental error reviewable.**

Granting motion to strike out appellant's briefs requires affirmance of the judgment, unless fundamental error is apparent from the face of the record.

**3. Appeal and error ⟪⟫755—Directing verdict, where evidence raises material issue, is erroneous, and is fundamental error.**

Where the evidence raised a material issue, it was error to direct verdict for defendant, and such error was fundamental, and reviewable, in absence of brief.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Calvin D. Moody, against the Early-Foster Company and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

J. D. Todd and E. B. Ward, both of Corpus Christi, for appellant.

J. D. Williamson, of Waco, for appellees.

SMITH, J. [1, 2] Appellees have filed a motion to strike out appellant's briefs, and this motion must be sustained. The record was filed in this court on July 15, 1922, but appellant did not file his briefs herein until December 4th, nearly five months later. No copy of these briefs was filed in the court below, nor had a copy been furnished appellees' counsel up to the time the motion was filed on December 5th. The cause was submitted, after the usual notice, on December 13th, but appellees filed no briefs, insisting that it was impossible to prepare and file them by the time the cause was submitted. This court has been quite lenient with counsel in the matter of filing briefs, and has in no case refused to consider appellant's briefs, when they were filed, or copy furnished appellees, so as to allow the latter a reasonable time in which to prepare and file their reply before the submission of the cause. That, however, has not been done by appellant in this cause, and we have no other alternative than to grant the motion to strike out. This will require an affirmance of the judgment, unless fundamental error is apparent from the face of the record.

[3] Examination of the record discloses that at the conclusion of the trial the court below directed the jury to return a verdict for defendants, which was done. Accordingly this court is obliged to ascertain further from the record whether or not there was any evidence raising any material issue in the cause. If there was any such evidence, then the court erred in withholding the issue from the jury, and such error, being fundamental, will be considered in determining the appeal.

The case presented is one of exchange of properties, that of appellant being 262.8 acres of land in Nueces county, valued by the parties at $15,768, and that of appellees being a grain elevator near Waco, valued at $31,000. To effect the exchange the parties entered into a written contract, in which the terms of the exchange were set out in considerable detail, among them being the re-

quirement that each party should furnish the other an abstract of title to the property proposed in exchange. In pursuance of this obligation, Moody, the appellant, procured and forwarded to appellees an abstract of his title, together with a deed conveying his land to appellees, who, upon receipt of these papers, promptly filed the deed for record, procured its registration in the deed records of Nueces county, and proceeded at once to try to resell the property to others, thus assuming dominion over it as if it were their own. Subsequently, having failed to resell, appellees executed a reconveyance of the property to appellant, and sought to terminate the contract of exchange.

We think the evidence clearly raised the issue of whether or not the exchange provided for in the contract had proceeded so far as to bind the parties to complete it, and as appellees had subsequently sold the elevator property, and thus rendered it impossible for them to perform, the question of whether or not appellant had been injured, and the amount of his damages, if any, also became one of fact. In this way, at least two issues of fact were raised by the evidence, and should have been submitted to the jury.

Accordingly the court below erred in directing a verdict in the case, and, this error being fundamental and apparent of record, the judgment will be reversed and the cause remanded.